IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Date:                July 20, 2010

Courtroom Deputy:  Kathleen Finney
Court Reporter:    Suzanne Claar
Probation Officer: Katrina Devine

**Criminal Action No. 09-cr-00416-REB**

| _Parties:_ | _Counsel:_ |
|---|---|
| UNITED STATES OF AMERICA, | Zachary Phillips |
| Plaintiff, | |
| v. | |
| 3. MANUEL RODRIGUEZ, | Richard Stuckey |
| Defendant. | |

## SENTENCING MINUTES

**10:09 a.m.  Court in session.**

Appearances of counsel.

Defendant is present in custody.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addenda.

Counsel for the government confirms that counsel has read the presentence report and addenda.

Counsel for the defendant informs the Court that counsel has read and discussed the

presentence report and addenda with the defendant.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence.

Defendant is sworn.

Statement by the defendant.

Statement by counsel for the government. Mr. Phillips orally moves to amend the government's amended motion for downward departure [#154].

The Court has considered all relevant matters of fact and law, including the following:

- The parties' plea agreement under USSG § 6B1.2, including the parties' written stipulation of facts relevant to sentencing under USSG § 6B1.4(a);
- The nature and circumstances of the offense – focusing on "the real conduct" – for which the defendant is being sentenced;
- The history and characteristics of the offender;
- The authorized sentences under 18 U.S.C. § 3551;
- The presentence report and any addendum;
- The basic purposes of criminal punishment: deterrence; incapacitation; just punishment; and rehabilitation as declared in the Sentencing Reform Act of 1984;
- The purposes and goals of sentencing as prescribed by Congress at 18 U.S.C. § 3553(a)(2);
- The factors to be considered in imposing sentence pursuant to 18 U.S.C. §§ 3582(a) and 3553(a)(1)-(7);
- The constitutional and relevant provisions of the advisory USSG;
- The kinds of sentence and the sentencing range established under the USSG for the applicable category of offense committed by the applicable category of defendant pursuant to 18 U.S.C. § 3553(a)(4);
- The need to avoid unwarranted sentencing disparities by "ensuring similar sentences for those who have committed similar crimes in similar ways," *Booker*;
- The pertinent policy statements of the US Sentencing Commission;
- The need to impose sentences that satisfy the needs and requirements of 18 U.S.C. § 3553(a)(2);
- The advancement of the seminal congressional goals of honesty, uniformity, and proportionality in sentencing;
- The principle and requirement codified at 18 U.S.C. § 3553(a), to impose a sentence that is sufficient, but not greater than necessary, to achieve the congressional goals and purposes of sentencing;

- The position of the government, the defendant, and the probation department;
- The evidence presented, reasons stated, arguments advanced, authorities cited by the parties in their papers and during their oral argument and presentation.

The Court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

**IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the pending motions are resolved as follows:

    - the government's oral motion to dismiss Count Two of the Indictment is **GRANTED WITH PREJUDICE;**

    - the **United States' § 5K1.1 Motion for Downward Departure from Sentencing Guideline Range** [#136], filed May 26,2010, is **DENIED AS MOOT**;

    - the government's oral motion to amend the **United States § 5K1.1 Amended Motion for Downward Departure from Sentencing Guideline Range** [#154], filed July 20, 2010, to impose a sentence below the otherwise applicable mandatory minimum sentence of ten years, is **GRANTED**;

    - the **United States § 5K1.1 Amended Motion for Downward Departure from Sentencing Guideline Range** [#154], filed July 20, 2010, is **GRANTED** consistent with the court's foregoing findings and conclusions;

    - the **Defendant's Motion for Variance from Guideline Sentence** [# 118], filed April 12, 2010, is **DENIED**;

3. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Count One of the Indictment;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **ninety-six (96) months**;

5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **five (5) years**; provided furthermore, that within 72 hours of defendant's release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which he is released;

6. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

    - all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

    - all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

    - the following explicit or special conditions of supervised release:

        - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

        - that the defendant shall not possess or use illegally controlled substances;

        - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

        - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

        - that the defendant shall submit to one drug test within fifteen (15) days from defendant's release from imprisonment, as directed by the probation department, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

7. That no fine is imposed;

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00;

9. That presentence confinement credit shall be determined by the Bureau of

>        Prisons under 18 U.S.C. § 3585;

   10. That the court recommends to the Bureau of Prisons that it designate the defendant to FCI Englewood, Colorado; and

   11. That the defendant is remanded to the custody of the United States Marshal.

The Defendant waives formal advisement of appeal.

**11:20 a.m. Court in recess.**

Total time in court: 01:11

Hearing concluded.